UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TIMOTHY ALAN JONES,

                Plaintiff,

                                         DECISION AND ORDER

                                         10-CV-6625L

              v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____

Pending before the Court is a motion brought on behalf of plaintiff, a prevailing party in this action for Social Security benefits, by his counsel, Kenneth R. Hiller. Specifically, counsel seeks an order awarding attorneys fees in the amount of $4,395.20, plus reimbursement of $350.00 in filing fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. (Dkt. #6).

The Commissioner opposes plaintiff's motion, on the grounds that the fee application is untimely and that the request is excessive.

The EAJA provides that a party seeking an attorney fee award must file an application with the Court "within thirty days of final judgment in the action." 28 U.S.C. §2812(d)(1)(B). "Final judgment" is deemed to have occurred at the time the government's right to appeal lapses – specifically, 60 days after entry of judgment. 28 U.S.C. §2412(d)(2)(G); *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). "Entry of judgment" is defined as one of two events, whichever occurs *earlier*: (1) when the judgment is set out in a separate document; or (2) 150 days have run from the entry of the final judgment in the civil docket. *See* Fed. R. Civ. Proc. 58(c)(2).

Here, the order remanding the case pursuant to sentence four of 42 U.S.C. §405(g) constitutes the final judgment in this case. *See generally Shalala*, 509 U.S. 292 at 300-302 (a remand order under sentence four of 42 U.S.C. §405(g) constitutes a final judgment for purposes of 28 U.S.C. §2412). That order was entered on the docket May 2, 2011 (Dkt. #4), and a separate judgment was

entered December 30, 2011 (Dkt. #5). Because 150 days from May 2, 2011 (September 29, 2011) is the earlier of the two dates, entry of judgment judgment is deemed to have taken place on September 29, 2011. The government's time to appeal lapsed sixty days later, on November 28, 2011, and thus "final judgment" occurred on that date. *See* 28 U.S.C. §2412(d)(2)(G). Plaintiff thereafter had thirty days from that final judgment – until December 28, 2011 – to file a timely application for attorneys fees. *See* 28 U.S.C. §2812(d)(1)(B). However, the instant motion for attorneys fees was not filed until January 28, 2012, and is thus manifestly untimely. (Dkt. #6).

While the Court is empowered to equitably toll the time to apply for attorney's fees pursuant to the EAJA in circumstances where counsel has been unable to timely file despite due diligence, I see no basis for equitable tolling here. *See Pelino v. Astrue*, 2010 U.S. Dist. LEXIS 88141 at *2-*3 (W.D.N.Y. 2010) (denying EAJA fee application as untimely and declining equitable tolling). Plaintiff's counsel has not responded to the Commissioner's arguments concerning the untimeliness of his application, and the record does not provide the Court with any basis to conclude that there is a reasonable explanation for counsel's tardiness, other than an apparent misunderstanding of what event constituted the operative "entry of judgment" in this case pursuant to Fed. R. Civ. Proc. 58(c)(2). (Dkt. #6 at 1).

Accordingly, the application by plaintiff's counsel for fees pursuant to the EAJA is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Dkt. #6) is denied, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 24, 2012.